UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Frankie Cornell Ellis, Jr. )
        Petitioner, )
         ) No. 19 CV 50318
v. ) Judge Iain D. Johnston
         )
Andrew Ciolli,[1] )
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Frankie Cornell Ellis, Jr. filed a petition under 28 U.S.C. § 2241 seeking to correct the Bureau of Prisons' calculation of his release date. In response, the respondent argues that Mr. Ellis' petition must be denied because he failed to exhaust his administrative remedies. Dkt. 13. For the reasons that follow, the petition [1] and [7] is denied, and this case is terminated.

## Background

Mr. Ellis pleaded guilty in two separate cases in the District Court for the Eastern District of North Carolina. In 4:07 CR 26, he pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. In 5:07 CR 60, he pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924. In a single proceeding involving both cases, the district court sentenced Mr. Ellis to 262 months' incarceration. Mr. Ellis later filed a motion for a sentence reduction under the First Step Act based on changes to the statutory penalties and guidelines range for his drug offense. *See* 18 U.S.C. § 3582(c)(1)(B). The sentencing court granted the motion and reduced his sentence to 188 months' incarceration. Taking into account good time credits, the Bureau of Prisons has calculated his release date to be March 16, 2022. Dkt. 11, Ex. B ¶ 6. But Mr. Ellis alleges that the Bureau of Prisons has miscalculated his good time credits, and under the proper calculations he is eligible for immediate release. Dkt. 1 at 13.

In response to the § 2241 petition, the respondent contends that Mr. Ellis failed to administratively exhaust his allegation that the Bureau of Prisons has not properly applied the good time credits he has earned when calculating his release date. In support, the respondent relies on an affidavit from Amber Daughenbaugh, who is the Warden's Secretary at USP Thomson, the facility where Mr. Ellis was located when he filed this petition.[2] Dkt. 11, Ex. C. According to the affidavit, the Bureau of Prison's SENTRY system tracks inmate administrative

---
[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.
[2] Mr. Ellis is currently housed at Coleman I USP in Florida, though when he filed his 28 U.S.C. § 2241 petition with this Court he was housed at USP Thomson, which is within this district and so jurisdiction here is proper. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

remedy filings. SENTRY shows that Mr. Ellis has not submitted any administrative remedy request about the calculation of his jail time or release date since the district court reduced his sentence from 262 months to 188 months on October 24, 2019. *Id.* ¶ 7. SENTRY shows that Mr. Ellis did file an administrative remedy request about the calculation of his jail time or sentence on July 8, 2009, long before the sentencing court significantly reduced his sentence in 2019. *Id.* ¶ 6. But Mr. Ellis did not appeal the denial of his 2009 petition, so even that petition was not administratively exhausted. *Id.*

In addition to the affidavit on exhaustion, the respondent also attached an affidavit addressing the computation of Mr. Ellis' release date. According to Forest Kelly, who is a computation specialist at the Bureau of Prisons, he audited Mr. Ellis' sentence computations and confirmed the expected release date of March 16, 2022. Dkt. 11, Ex. 2 ¶ 6. According to Kelly, Mr. Ellis has been in federal custody since July 18, 2007, is serving a 188 month sentence, could have earned good time credits of 846 days, but he is being credited with just 367 days because he lost the rest because of disciplinary sanctions, and so his expected release date is March 16, 2022. *Id.*

The Court initially gave Mr. Ellis to June 26, 2020, to reply, Dkt. 8, which it later extended to September 11, 2020, Dkt. 16. After Mr. Ellis missed the September 11, 2020, deadline, the Court *sua sponte* extended the deadline further to November 10, 2020, and noted that the extension was final. Dkt. 19. But then Mr. Ellis wrote to report that he never received a copy of the respondent's response brief, Dkt. 20. That same day, the respondent sent to Mr. Ellis another copy of his response brief, which it mailed to his existing facility, FCI Coleman. Dkt. 21. The following day the Court further extended the deadline for Mr. Ellis' reply brief to December 23, 2020. Dkt. 22. To date, Mr. Ellis has not filed a reply brief and has not further communicated with the Court in this case. In the absence of any reply, the Court rules without the benefit of Mr. Ellis' views on the respondent's brief.

## ANALYSIS

Persons in the custody of the Bureau of Prisons may challenge the computation of their sentences by filing a petition for habeas relief under 28 U.S.C. § 2241. *See Clement v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). But before challenging the computation in court, federal inmates must first exhaust their federal administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The exhaustion requirement is not jurisdictional and so is waived if not raised by the respondent. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987).

Under Bureau of Prisons regulations, to exhaust an inmate must first attempt to resolve an issue informally. *See* 28 C.F.R. § 542.13. Within 20 days of the date on which the basis of the request occurred, the inmate must then filed a written Administrative Remedy Request using form BP-9. *Id.* § 542.14. The warden must respond within 20 days. *Id.* § 542.18. If the inmate is not satisfied with the response, within 20 days he must submit an Appeal to the regional director using form BP-10. *Id.* § 542.15(a). The regional director has 30 days to respond. *Id.* § 542.18. If the inmate is still not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. using form BP-11. *Id.* § 546.15(a). The General Counsel must

respond within 40 days. *Id.* § 542.18. If an inmate does not receive a timely response to his request or appeals, he "may consider the absence of a response to be a denial at that level." *Id.*

According to the government's response brief, Mr. Ellis never sought an informal resolution of his request that his sentence be properly calculated, and never filed a BP-9 formal complaint, BP-10 appeal with the regional director, or BP-10 with general counsel. Dkt. 11 at 4 (citing Ex. C ¶¶ 6-7).

Mr. Ellis did not address exhaustion in his petition, but he did state in a motion for a preliminary injunction that Judge Blakey previously denied that he had been "hampered in his attempt to exhaust his administrative remedies (due to the deliberate indifference of ASUP Thomson staff, who hardly ever make rounds, answer requests, or address inmate grievances)." Dkt. 3 at 2. The common law does recognize exceptions to exhaustion, but the hurdle is high. Exhaustion will be excused only when:

(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action;
(2) the agency lacks the ability or competence to resolve the issue or grant the relief requested;
(3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or
(4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotation marks and citations omitted). Mr. Ellis seems to suggest that his failure to exhaust should be excused because Thomson staff hampered his efforts to file a grievance. But he does not assert that staff refused to give him any of the grievance forms, or refused to accept a completed form. Rather, he asserts that they "hardly ever" make rounds, which the Court presumes means to pick up grievance forms, and "hardly ever" address grievances or provide the requested relief. Mr. Ellis does not contend that he ever completed a grievance form that staff refused to pick up or prevented him from submitting, and if they failed to address a grievance he submitted or provide the relief sought he was obligated to appeal. *See* 28 C.F.R. §§ 546.13, 546.15.

In any event, by November 2020 Mr. Ellis had been transferred to FCI Coleman in Florida, and nothing in the record indicates that he attempted to file a grievance or exhaust his administrative remedies since being moved away from Thomson. *See* Dkt. 20. Mr. Ellis demonstrated that he understands how to submit a grievance because he submitted one in 2009 about the calculation of his 272 month sentence before his sentencing judge reduced it to 188 months. Dkt. 11, Ex. 3 ¶ 6. By failing to file a reply brief, Mr. Ellis missed his chance to further address the government's contention that he has not administratively exhausted, or to detail any basis for excusing his failure to exhaust. Accordingly, his petition is subject to denial for failure to exhaust.

## CONCLUSION

      For the reasons given, Mr. Ellis petition [1] and [7] is denied, and this case is closed. Mr. Ellis is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Ellis need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

      To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Ellis cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 5, 2021        By: _____
                                      Iain D. Johnston
                                      United States District Judge